IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| GE ZHANG | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| THE CHILDREN'S HOSPITAL OF PHILADELPHIA | : | NO. 08-5540 |

## MEMORANDUM AND ORDER

L. FELIPE RESTREPO  
UNITED STATES MAGISTRATE JUDGE

MARCH 14, 2011

In this employment discrimination and retaliation action brought by Plaintiff, Dr. Ge Zhang, against Defendant, Children's Hospital of Philadelphia ("CHOP"), the parties have requested that the Court decide the following legal issue in advance of trial: whether, with respect to Plaintiff's claim under the anti-retaliation provision of Title VII, the Court *may* charge the jury with a "mixed-motive" or "motivating factor"[1] instruction if warranted by the evidence.[2]

---

[1] The terms "mixed-motive" and "motivating factor" refer to the burden-shifting framework applied by the Supreme Court to Title VII discrimination claims in Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).

[2] At oral argument, held before the Court on March 4, 2011, Plaintiff Zhang withdrew his discrimination claims, leaving only his retaliation claims for disposition at trial. Plaintiff thereafter modified his position, notifying the Court that his withdrawal of the discrimination claims was contingent on the availability of a mixed-motive jury instruction on his retaliation claims. Plaintiff then requested that the Court decide, prior to the presentation of evidence at trial, whether a mixed-motive instruction on Plaintiff's Title VII retaliation claim may be appropriate if warranted by the evidence. Plaintiff advised the Court and opposing counsel that if the Court held a mixed-motive instruction to be improper in the retaliation context, Plaintiff would seek to reinstate his discrimination claims. Defendant CHOP did not object to Plaintiff's request for a ruling on the above issue prior to trial, and Defendant represented that it would not object to the reinstatement of Plaintiff's discrimination claims if the Court held a mixed-motive

In deciding this difficult legal question, the Court has carefully considered the parties' respective letter briefs (Doc. Nos. 43, 44), as well as Plaintiff's response letter (Doc. No. 46). Plaintiff argues that, pursuant to Walden v. Georgia-Pacific Corp., 126 F.3d 506 (3d Cir. 1997), a mixed-motive instruction can be appropriate in Title VII retaliation cases if warranted by the evidence. Defendant contends that, according to Woodson v. Scott Paper Co., 109 F.3d 913 (3d Cir. 1997), and the reasoning of the United States Supreme Court in Gross v. FBL Financial Services, Inc., 129 S. Ct. 2343 (2009), a mixed-motive instruction cannot be used in the context of a Title VII retaliation claim. For the reasons that follow, the Court finds that it would be improper to charge the jury with a "mixed-motive" or "motivating factor" instruction relating to Plaintiff's Title VII retaliation claim.

The Court looks to the Third Circuit's Model Civil Jury Instructions, which serve as the foundation of Plaintiff's argument, as an initial point of reference on this issue. Indeed, the Comment section of the Instructions on Title VII retaliation claims notes that under Walden, a mixed-motive standard could be appropriate in Title VII retaliation cases "if warranted by the evidence." See Third Circuit Model Civil Jury Instructions § 5.1.7 (2010 ed.). However, the comments go on to explain that the Third Circuit's Committee on Model Civil Jury Instructions ("Committee") has not yet determined what implications the Supreme Court's reasoning in Gross may have on the continued viability of mixed-motive retaliation claims under Title VII. Id. And notably, the comments conclude with the suggestion that the *"users of these instructions should consider that question."* Id. In light of this suggestion by the Committee, the Court feels

---

instruction to be improper. The Court will construe Plaintiff's request as a motion by Plaintiff to include the aforementioned instruction in the charge to the jury at trial.

compelled to consider the impact of Gross on the question now before the Court: whether a mixed-motive instruction is ever proper in a Title VII retaliation case.

The Supreme Court in Gross decided a parallel question to that presently before the court; specifically, the Court examined whether the mixed-motive framework could apply to Age Discrimination in Employment Act (ADEA) claims. The Court noted that unlike Title VII, which explicitly authorized discrimination claims brought under a mixed-motive framework, the ADEA had no such provision.[3] Gross, 129 S. Ct. at 2349. Further, the text of the ADEA prohibits an employer from taking adverse action against an employee "because of" age. Id. at 2350. Citing to the "ordinary meaning" of "because of," which is defined as "by reason of," the Court held that the ADEA requires a plaintiff to prove that age was the "but-for" cause of the employer's adverse action. Id. at 2350-51. Mixed-motive discrimination claims were thus improper under the ADEA. Id. at 2352.

In this District, the Supreme Court's reasoning in Gross has been extended to bar mixed-motive retaliation claims under the Americans with Disabilities Act (ADA). Warshaw v. Concentra Health Services, 719 F. Supp. 2d 484 (E.D. Pa. 2010). In Warshaw, the Honorable

---

[3] The anti-discrimination provision of Title VII, as amended by Congress in 1991, states that "an unlawful discrimination practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a *motivating factor* for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e-2(m) (emphasis added). By contrast, the anti-discrimination provision of the ADEA states that "[i]t shall be unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of* such individual's age." 29 U.S.C. § 623(a)(1) (emphasis added).

Louis H. Pollak concluded that the language of the ADA[4], like the ADEA and unlike Title VII, "does not expressly allow a plaintiff to recover 'by showing that [the protected characteristic] was simply a motivating factor.'" Id. at 503. And like the ADEA, the language of the ADA uses the term "because" to describe the causal connection required between an employee's protected activity and an employer's adverse action.[5] Id. Therefore, under the Supreme Court's reasoning in Gross – that the phrase "because of" in the ADEA calls for but-for causation – the Court held that the language of the ADA barred mixed-motive retaliation claims. Id.

Turning to the present case, the Third Circuit has held, and the parties do not dispute, that the 1991 Amendment to Title VII explicitly permitting mixed-motive *discrimination* claims does not extend to retaliation claims. Woodson, 109 F.3d at 935. As a result, the Court must only decide whether Title VII mixed-motive retaliation claims brought under Price Waterhouse are still viable after Gross, an open question in this Circuit.

Following the analytical framework laid out in Gross, the Court looks to the text of Title VII's anti-retaliation provision:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . *because* he has opposed any practice made an unlawful employment practice by this subchapter, or *because* he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

---

[4] The anti-retaliation provision of the ADA states, in relevant part, "[n]o person shall discriminate against any individual *because* such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a) (emphasis added).

[5] The Court held that the term "because" standing alone is synonymous with the phrase "because of" as used in the ADEA. Warshaw, 719 F. Supp. 2d at 503.

4

42 U.S.C. § 2000e-3(a) (emphasis added). In all material respects, the above language is indistinguishable from the anti-retaliation provision of the ADA. Most importantly, like the ADA and the ADEA, this provision employs the use of the term "because" to describe the causal connection needed for a finding of prohibited discrimination or retaliation.

Persuaded by Judge Pollak's reasoning and his ultimate conclusion in Warshaw, the Court finds no compelling reason to define "because," as used in Title VII's anti-retaliation provision, any differently than the Supreme Court defined the phrase "because of" in Gross. Accordingly, the Court finds that § 2000e-3(a) requires Plaintiff to show that his protected activity was the "but-for" cause of the employer's adverse action. Plaintiff may not satisfy his burden merely by showing that his protected activity was a "motivating factor" in the employer's decision, since mixed-motive retaliation claims are no longer viable under Title VII after Gross.

For the foregoing reasons, the Court will not charge the jury with a mixed-motive instruction relating to Plaintiff's retaliation claim. An implementing order follows.